PLOTKIN, Judge.
Michael Woolens was charged with the theft of six clocks valued between $100 and $500. A jury convicted him as charged. He was sentenced to two years at hard labor.
On May 20, 1988, a security guard at McCrory’s Department Store on Canal Street in New Orleans observed the defendant taking clocks off a shelf and putting them into two shopping bags. The guard followed Woolens out of the store where he stopped Woolens and asked him if he had a receipt for the clocks. When Woolens said he did not, the guard had Woolens accompany him back into the store and summoned police. The guard testified that there had been another man with Woolens outside the store who fled when he approached. Woolens claimed that this man was carrying the shopping bags and left them with Woolens when he ran away.
The sole issue on appeal is whether the trial court erred in denying the defendant’s request for a jury charge on flight. Woolens contends that the flight of the “other man” would tend to indicate that person’s guilt, and therefore be exculpatory as to Woolens.
The Louisiana Code of Criminal Procedure provides that both the state and a *112 defendant have the right to submit special jury charges in writing before argument.
The state and the defendant shall have the right before argument to submit to the court special written charges for the jury. Such charges may be received by the court in its discretion after argument has begun. The party submitting the charges shall furnish a copy of the charges to the other party when the charges are submitted to the court.
A requested special charge shall be given by the court if it does not require qualification, limitation or explanation, and if it is wholly correct and pertinent. It need not be given if it is included in the general charge or in another special charge to be given.
LSA-C.Cr.P. art. 807.
The record indicates that the defense attorney orally requested that a jury charge on flight be given. The defense attorney made this request in open court out of the presence of the jury at the close of the prosecution’s case, but before the defense began its case. At that point in the trial the fact that there was another man outside the store and that he had run away had only been mentioned peripherally on cross examination of the store security officer. This point was not developed until the defense put on its case. Thus at this time in the trial, the judge had little evidence of the relevance of such a charge in making his decision to deny the request of the defense.
The record does not indicate that a jury charge on flight was ever submitted to the court in writing. A party has the right to submit special jury charges to the trial court in writing. LSA-C.Cr.P. art. 807. There is no indication in the record that the defense ever submitted a written jury charge on flight to the trial court. This can only be construed as a waiver of the right to request such a jury charge. When a special jury charge is “not reduced to writing for presentation to the court, a trial judge may properly refuse to give such a charge to the jury.” State v. Love, 535 So.2d 420, 425 (La.App. 3 Cir.1988); State v. Taylor, 347 So.2d 172, 183 (La. 1977).
For the above reasons, the trial court did not abuse its discretion in denying the request for a jury charge on flight. Therefore the conviction of Michael Woolens is affirmed.
AFFIRMED.
SCHOTT, C.J., concurs.